```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZARKO SVATOVIC,

                Plaintiff,

         -against-

UNITED STATES PATENT AND
TRADEMARK OFFICE, ANDREW
HIRSHFELD, *Deputy Commissioner*,
ANGELA D. SYKES, *USPTO Director*, GENE
KIM, *Supervisory Examiner*, and VISHU K
MENDIRATTA, *Examiner*,

                Defendants.
------------------------------------------------------------x

12 Civ. 7711 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        Plaintiff Zarko Svatovic asserts that defendants subjected him to unlawful discrimination during the patent-application process because he was not represented by an attorney. Construing the Complaint generously in his favor as a pro se, plaintiff appears to contend that the defendants denied him equal protection under the law in violation of the Fifth Amendment. The Court construes his claims as asserting a constitutional violation under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

        Defendants move to dismiss the Complaint, arguing, among other things, that the plaintiff has failed to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Docket # 16.) For the reasons explained, the defendants' motion to dismiss is granted.

BACKGROUND.

In reviewing the Complaint, all non-conclusory factual statements are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (per curiam).

Plaintiff submitted to the United States Patent and Trademark Office (the "PTO") an application for the patent of an unspecified invention, at application number 11/397,977. (Compl't ¶ 1.) While the Complaint does not identify the invention or the date of filing, patent records indicate that plaintiff filed application 11/397,977 on April 6, 2006, and sought a utility patent for "an expanded Chess Game played on 10 x 10=100 square chessboard." See U.S. Patent No. 8,448,946 (filed April 6, 2006) (issued May 28, 2013). The same records establish that the patent application was granted after this action was filed. Id.

Defendant Vishu K. Mendiratta was assigned to examine the application. (Compl't ¶ 1.) As explained in the Complaint:

> In a brief exchange Mr. Mendiratta *informed the plaintiff that he will not be able to get* [sic] *patent unless he hires a lawyer*. He also stated that he would not conduct any further discussion with the plaintiff in person. The plaintiff did not believe him because if this were true the USPTO would be denying the plaintiff his *basic right to self representation*. USPTO would in fact *discriminate* against the plaintiff because he was not represent [sic] by a lawyer.[1]

(Compl't ¶ 1.) According to plaintiff, "[i]n the course of six or so years of irrational prosecution," Mendiratta and the other defendants "managed to convince the plaintiff that in deed [sic] there is unwritten USPTO staff supported policy of *discrimination against small inventors* who are not represented by lawyers." (Compl't ¶ 1.)

---

[1] All uses of emphasis in this Memorandum and Order directly reflect the text as set forth in the Complaint.

Plaintiff states that in October 2008, he complained to defendant Gene Kim about Mendiratta's conduct. (Compl't ¶ 2.) Plaintiff told Kim that Mendiratta "was sabotaging his case by employing obviously erroneous facts, something that Mr. Kim could easily confirm." (Compl't ¶ 2.) Kim took no "meaningful" action, however, thereby "failing in his supervisory function and fully supporting <u>discriminatory practices</u> of his subordinate." (Compl't ¶ 2.)

As described in the complaint, three years later, "the Board of Appeals" concluded that Mendiratta's "arguments were based on errors." (Compl't ¶ 2.) Plaintiff alleges that Mendiratta then should have issued him a patent, but instead "reopened prosecution of the case based on new grounds." (Compl't ¶ 3.) Plaintiff asserts that on October 7, 2011, he wrote to the USPTO director requesting "the reopening of his case," and explains: "The plaintiff's arguments – <u>this is very important</u> – were referring to <u>errors in facts and reasoning</u> for the reopening of the case and <u>not to fault procedures the examiner followed</u>." (Compl't ¶ 3.) Plaintiff alleges that defendant Angela D. Sykes "ignored the meaning of plaintiff's petition and fabricated procedural arguments" in an attempt to avoid the petition's "<u>real subject matter</u> . . . ." (Compl't ¶ 3.) As a result, plaintiff contends, Sykes "is fully responsible in supporting <u>discrimination</u> of her subordinates and the office." (Compl't ¶ 3.)

The Complaint states that on November 23, 2011, plaintiff requested reconsideration of his petition, arguing that Sykes "fabricated" grounds for its rejection. (Compl't ¶ 4.) It asserts that on August 13, 2012, defendant Andrew Hirshfeld rejected the petition on review, using "the same fabricated procedural argument the plaintiff never made as an excuse . . . ." (Compl't ¶ 4.) "Consequently, Mr. Hirshfeld is fully responsible in supporting <u>discrimination</u> of his subordinates and the office." (Compl't ¶ 4.)

Plaintiff contends that the PTO "is ultimately responsible for USPTO employees who practice ignoring facts and common sense as a way to discriminate and deny rights to small inventors who cannot afford a lawyer. Therefore, USPTO as a whole is complicit and responsible for *discriminating against the plaintiff*." (Compl't ¶ 5.) Plaintiff states that his claims do not implicate the ultimate merits of his patent application, but "is directed exclusively at the *discriminatory practices in handling of the case* by the listed Defendants, which caused harm to the plaintiff." (Compl't ¶ 6.) "The unlawful discriminatory practices rendered the plaintiff unable to pursue commercial aspects of his project. The plaintiff invested heavily into the development of Internet implementation of his patent." (Compl't § IV.) The Complaint seeks $1 million in money damages. (Compl't § IV.)

The Complaint does not expressly state whether plaintiff is pursuing claims against the defendants in their individual or official capacities. In a letter to the Court dated December 6, 2012, plaintiff states that, in response to an inquiry from defendants' counsel, that he is "holding the defendants individually responsible for discriminating against me and I am holding the USPTO organization as a whole, which the defendants are part of, responsible for the acts of discrimination those defendants committed against me." (Svatovic Letter, Dec. 6, 2012.)

DISCUSSION

I.   Defendants' Motion to Dismiss for Failure to State a Claim Is Granted.

   A.   Rule 12(b)(6) Standard.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). "'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "'detailed factual allegations'" are not necessary. Id. (quoting Twombly, 550 U.S. at 555-56).

In considering a Rule 12(b)(6) motion, all non-conclusory factual allegations are accepted as true, see id. at 678-79, and all reasonable inferences are drawn in favor of the plaintiff. See In re Elevator Antitrust Litig., 502 F.3d at 50 (per curiam). Moreover, plaintiff's pro se pleadings are "'to be liberally construed . . . [and] however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

When a plaintiff brings a claim pursuant to Bivens, the complaint "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. If a Bivens claim asserts discriminatory treatment, a plaintiff "must plead and prove that the defendant acted with discriminatory purpose." Id.

### B. The Complaint Does Not Plausibly Allege an Equal Protection Violation.

#### 1. Plaintiff Does Not Plausibly Allege that His Equal Protection Rights Were Violated as a Pro Se Patent Applicant.

"The Equal Protection Clause has traditionally been applied to governmental classifications that treat certain groups of citizens differently than others." Fahs Constr. Grp. V. Van Auken, __ F.3d __, 2013 WL 4017043 (2d Cir. Aug. 8, 2013) (emphasis in original). There is no authority for the proposition that status as an unrepresented person amounts to a protected class for equal protection purposes. See, e.g., Posr v. Court Officer Shield No. 207, 180 F.3d 409, 419 (2d Cir. 1999) (noting absence of precedent for treating pro se parties as a protected class); Melnitzky v. HSBC Bank USA, 2007 WL 1159639, at *9 (S.D.N.Y. Apr. 18, 2007)

(Koeltl, J.) (pro se litigants are not a protected class). Because pro se status is not a protected classification, plaintiff does not state a claim that his equal protection rights were violated because he applied for a patent as an unrepresented person.

Even if pro se patent applicants were treated as a protected class, plaintiff's allegations that plaintiff suffered discriminatory animus is conclusory. As alleged in the Complaint, the sole articulation of anti-pro se animus was made "[i]n the last quarter of 2007," when Mendirrata "*informed the plaintiff that he will not be able to get patent* [sic] *unless he hires a lawyer*," and also "stated that he would not conduct any further discussion with the plaintiff in person." (Compl't ¶ 1.) This single statement uttered by one defendant does not plausibly allege that plaintiff's patent-application process was subjected to anti-pro se animus by the USPTO or the defendants in their individual capacities. Even if the statement plausibly alleged such animus as to defendant Mendirrata, no allegations plausibly impute the remark to any other defendant. See generally Iqbal, 556 U.S. at 676. Plaintiffs' repeated invocations of anti-pro se animus are wholly conclusory. (Compl't ¶¶ 2-6.)

Plaintiff therefore fails to plausibly allege that he suffered actionable discrimination on the basis of his status as an unrepresented person.

2. Plaintiff Does Not Plausibly Allege an Equal Protection Violation as a "Class-of-One."

Separately, a plaintiff may bring an equal protection claim by plausibly alleging injury as a "class of one." "A class-of-one claim exists 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d 135, 140 (2d Cir. 2010). Class-of-one plaintiffs must allege "'an extremely high degree of similarity between themselves and the persons to whom they compare themselves.'" Ruston v. Town Bd.

for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006)); see also Village of Willowbrook v. Olech, 528 U.S. 562, 565 (2000) (class-of-one claim actionable when municipality enforced unique easement requirement for one property while enforcing different requirement for others similarly situated). In Ruston, plaintiffs failed to identify similarly situated persons when they compared a city's utility policy concerning their proposed 14-home development with that city's utility policies toward stand-alone homes, a "luxury spa," a country club and a "large commercial building." 610 F.3d at 59.

Here, plaintiff does not identify how his own treatment as an unrepresented person differed "from others similarly situated." Analytical Diagnostic Labs, 626 F.3d at 140. The Complaint does not attempt to identify a population of similarly situated applicants against whom he should be compared. In his opposition memo, plaintiff states that he is "primarily concerned with receiving justice, not only in my own interest but also for other sorry Pro Se applicants who will be discriminated against in the future if something is not done to prompt USPTO to rain [sic] in rogue employees and defective practices." (Opp. Mem. at 3.) This argument does not assert that he was intentionally treated differently from other similarly situated pro se applicants.

Accordingly, the Complaint does not plausibly allege that plaintiff's equal protection rights were violated as the member of a "class of one."

Because the Complaint is dismissed for failure to state a claim pursuant to Rule 12(b)(6), the Court does not need to reach the other alternative bases for dismissal raised in defendants' motion.

CONCLUSION

Defendants' motion to dismiss is GRANTED. (Docket # 16.) The Clerk is directed to terminate the motion and enter judgment for the defendants.

Defendants' counsel is ordered to mail to the plaintiff copies of all unpublished authorities cited herein.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 9, 2013