```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-6-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ZARKO SVATOVIC,

                        Petitioners,           12 Civ. 7711 (PKC)

    -against-

                                   MEMORANDUM AND ORDER
                                   ON RECONSIDERATION

UNITED STATES PATENT AND
TRADEMARK OFFICE, ANDREW
HIRSHFELD, ANGELA D. SYKES, GENE
KIM and VISHU K. MENDIRATTA,

                        Respondent.
-----------------------------------------------------------x
CASTEL, District Judge:

        Plaintiff Zarko Svatovic, who represents himself pro se, moves for reconsideration of this Court's Memorandum and Order of September 9, 2013, which granted defendants' motion to dismiss plaintiff's complaint for failure to state a claim. Svatovic v. United States Patent & Trademark Office, 2013 WL 4792837 (S.D.N.Y. Sept. 9, 2013) (the "September Opinion"). Plaintiff asserts that the United States Patent and Trademark Office and four of its employees discriminated against him in the patent application process based on his status as an unrepresented person, thereby denying him equal protection of law in violation of the Fifth Amendment. Id. at *1-2. The Court construed his claims as asserting a constitutional violation under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Familiarity with the September Opinion is assumed.

        For the reasons explained, plaintiff's motion for reconsideration is denied.

STANDARD ON A MOTION TO RECONSIDER

        Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed. R. Civ. P. They are "addressed to the sound discretion of the district court[.]" Mendell ex

rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a 'second bite at the apple . . . .'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'") (quoting Polsby v. St. Martin's Press, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.)). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" Analytical Surveys, 684 F.3d at 52 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

DISCUSSION

First, plaintiff contends that this Court incorrectly applied the Rule 12(b)(6) standard set forth in Iqbal and Twombly when it determined that his discrimination claims were based on legal labels that are not afforded a presumption of truth. (Pl. Mem. at 2-3.) As noted in the September Opinion, the Complaint cites one allegedly discriminatory statement, in which defendant Mendiratta purportedly told plaintiff "that he will not be able to get [sic] patent unless he hires a lawyer." (Compl't ¶ 1.) In his current motion, plaintiff acknowledges that only defendant Mendiratta is alleged to have uttered a discriminatory phrase, but asserts that "[t]he culprits usually don't walk around advertising their discrimination." (Pl. Mem. at 4.) Plaintiff expressly acknowledges that the "[o]ther defendant's [sic] never openly expressed anything to that effect." (Id. at 4.) According to plaintiff, Mendiratta was "initially . . . actually trying to be helpful by openly sharing the USPTO known secret in order to save himself, and the Plaintiff, futile effort." (Id. at 3.) However, as discussed in the September Opinion, this single statement, which plaintiff now contends reflected an effort to be "helpful" rather than a reflection of

discriminatory animus, "does not plausibly allege that plaintiff's patent-application process was subjected to anti-pro se animus by the USPTO or the defendants in their individual capacities." 2013 WL 4792837, at *3.

Second, to the extent that plaintiff contends the Court otherwise failed to accept the truth of his assertions concerning discriminatory motive, blanket allegations of discriminatory motive are legal conclusions that are not afforded the presumption of truth under Iqbal. See, e.g., Knowles v. Namdor Inc., 2013 WL 5887039, at *2 (E.D.N.Y. Oct. 31, 2013); Forde v. Empire State College, 2011 WL 4376499, at *3 (S.D.N.Y. Sept. 19, 2011); Pungitore v. Barbera, 2012 WL 2866293, at *4 (S.D.N.Y. Mar. 29, 2012) ("Plaintiff's unsupported assertions of gender discrimination are legal conclusions, and the Court does not assume their veracity."). Plaintiff's allegations of administrative sabotage, "irrational prosecution," "errors in fact and reasoning," "faulty procedures" and repeated denial of his patent application are interspersed with conclusory assertions that defendants discriminate against unrepresented persons. (E.g., Compl't ¶¶ 1-3.) While the face of the Complaint makes clear that plaintiff was frustrated with numerous aspects of the application process, it does not plausibly allege an unlawful discriminatory motive against patent applicants who lack legal counsel.

Third, plaintiff contends that this Court narrowly applied the Fifth Amendment's right to Equal Protection in a manner inconsistent with the Constitution's text. He asserts that this Court incorrectly "recognize[d] only two forms under which an [sic] Equal Protection can be violated, one as a member of certain recognized groups, and two, as 'Class-of-One'. Such a limitation is not present in the Constitution and cannot be applied as a pre-condition to getting a relief from discrimination." (Pl. Mem. at 3.) Plaintiff aptly notes that all "groups recognized as protected classes were once not protected classes," (Id. at 3) but, as discussed in the September Opinion, courts have not recognized a protected status for persons unrepresented by counsel.

2013 WL 4792837, at *3 (citing Posr v. Court Officer Shield No. 207, 180 F.3d 409, 419 (2d Cir.1999) (noting absence of precedent for treating pro se parties as a protected class); Melnitzky v. HSBC Bank USA, 2007 WL 1159639, at *9 (S.D.N.Y. Apr. 18, 2007) (Koeltl, J.)). The Complaint here does not set forth facts that, if accepted as true, would warrant recognition of unrepresented persons as a protected class for Equal Protection purposes. See, e.g., Harlen Assocs. v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) ("the prototypical equal protection claim involves discrimination against people based on their membership in a vulnerable class . . . .").

Finally, the Court notes that plaintiff expressly disavows any reliance on a "class-of-one" theory of liability (Pl. Mem. at 4-5), which the September Opinion discussed as one potential basis for plausibly alleging a violation of Equal Protection rights. 2013 WL 4792837, at *4.

CONCLUSION

Plaintiff's motion for reconsideration is DENIED. (Docket # 27.) The Clerk is directed to terminate the motion.

Counsel to defendants is directed to forward to the plaintiff copies of all unreported decisions cited herein.

SO ORDERED.

P. Kevin Castel
United States District Judge

New York, New York
January 6, 2014